IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-01596-PAB-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARTIN W. DRAPER,
562 GATEWAY ROAD, LLC, and
PITKIN COUNTY, COLORADO,

    Defendants.

## ORDER OF FORECLOSURE AND SALE

Pursuant to 28 U.S.C. §§ 2001 and 2002 and 26 U.S.C. §§ 7402 and 7403, the Court enters this Order of Foreclosure and Decree of Sale.  In this lawsuit, the United States seeks to enforce its liens against certain real property in order to apply the proceeds towards Martin Draper's tax liabilities.

The Court makes the following findings of fact:

1.  Defendant Martin Draper is indebted to the United States for unpaid assessed balances of federal income tax for the 2002-2008 tax years, plus interest and statutory additions accruing after the dates of assessments pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c) until paid.  On December 9, 2016, the Clerk of the Court entered judgment in favor of the United States and against Mr. Draper for these tax liabilities, calculated as of May 15, 2016, in the amount of $405,065.88, plus

such additional statutory additions, including interest, as continue to accrue until paid in full.

2. The real property upon which foreclosure is sought (the "real property") is partially undeveloped land located at 562 Gateway Road, Snowmass, Colorado, 81654, and is more particularly described as follows: LOT 12, BLOCK 1, GATEWAY TO SNOWMASS MESA SUBDIVISION, FILING NO. 1.

3. Mr. Draper and Angela Draper purchased the property from a third party via warranty deed on January 14, 2000. On December 27, 2005, Angela Draper conveyed her interest in the real property to Mr. Draper via quitclaim deed. On April 30, 2009, Mr. Draper conveyed his interest in the property to defendant 562 Gateway Road, LLC, for a stated consideration of $10 via a special warranty deed.

4. Pursuant to 26 U.S.C. § 6321, the United States has valid and subsisting tax liens on all property and rights to property of Martin Draper, including the real property described above, nominally held by 562 Gateway Road, LLC, arising from the assessments described in paragraph 15 of the Complaint. See Docket No. 1 at 3-4, ¶ 15.

5. The United States further protected its liens when the Internal Revenue Service ("IRS") filed Notices of Federal Tax Liens against Mr. Draper for the 2002-2008 tax years with the Clerk and Recorder of Pitkin County and with the Colorado Secretary of State on June 27, 2011. The IRS also filed a Notice of Federal Tax Lien against 562 Gateway Road, LLC with the Clerk and Recorder for Pitkin County on May 2, 2014. On February 27, 2015, the IRS filed an amendment to the initial lien notice because the

original notice had misstated the assessment dates for the tax years ending December 31, 2007 and December 31, 2008.

Wherefore, it is hereby **ORDERED** that:

1. The United States' federal tax liens against the real property are hereby foreclosed. The United States Marshal for the District of Colorado, his or her representative, or an IRS Property Appraisal and Liquidation Specialist ("PALS") representative is authorized and directed pursuant to 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the real property, free and clear of the right, title and interest of all parties to this action and any successors in interest or transferees of those parties. The proceeds shall be distributed amongst the parties, including defendant Pitkin County, as described in paragraph 8 below. The United States may choose either the United States Marshal or a PALS representative to carry out the sale under this Order of Foreclosure and shall make the arrangements for any sales as set forth in this order. This order shall act as a special writ of execution and no further orders or process from the Court shall be required.

2. The United States Marshal for the District of Colorado, his or her representative, or a PALS representative is authorized to have free access to the real property and to take all actions necessary to preserve the property, until a deed thereto is delivered to the ultimate purchaser(s).

3. The terms and conditions of the sale are as follows:

>	a. Except as otherwise stated herein, the sales of the real property shall be by public auction to the highest bidder, free and clear of all liens and interests.

b.  The sales shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any.

c.  The sale shall be held on the real property itself, or at any other place in Pitkin County, or otherwise in accordance with the provisions of 28 U.S. §§ 2001 and 2002, at a date and time announced by the United States Marshal, his or her representative, or a PALS representative.

d.  Notice of the sale or sales shall be published once a week for at least four consecutive weeks before the date fixed for the sale in at least one newspaper regularly issued and of general circulation in Colorado, and, at the discretion of the Marshal, his or her representative, or a PALS representative, by any other notice that it or its representative may deem appropriate.  State or local law notice requirements for foreclosures or execution sales do not apply to these sales under federal law and State or local law regarding redemption rights do not apply to these sales.  The notice or notices of sale shall describe the real property, and shall contain the material terms and conditions of the sale as described in this order.

e.  The minimum bid will be set by the IRS.  If the minimum bid is not met or exceeded, the Marshal, his or her representative, or a PALS representative may, without further permission of the Court, and under the terms and conditions in this order, hold new public sales, if necessary, and reduce the minimum bid or sell to the highest bidder.

f.  Bidders shall be required to deposit at the time of sale with the Marshal, his or her representative, or a PALS representative, a minimum of five percent of the bid with the deposit to be made by a certified or cashier's check payable to the United States District Court for the District of Colorado.  Before being permitted to bid at the sale, bidders shall display to the Marshal, his or her representative, or a PALS representative satisfactory proof of compliance with this requirement.

g.  The balance of the purchase price of the real property in excess of the deposit tendered shall be paid to the Marshal or a PALS representative (whichever person is conducting the sale) within thirty (30) days after the date the bid is accepted by a certified or cashier's check payable to the United States District Court for the District of Colorado.  If the successful bidder or bidders fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the federal tax liabilities of Martin Draper.  The real property shall again be offered for sale under the terms and conditions of this order or, in the alternative, sold to the second highest bidder or

bidders. The United States may bid as a credit against its judgment without tender of cash.

h. The sale of the real property shall not be final until confirmed by this Court. The Marshal or a PALS representative shall file a report of sale with the Court within thirty (30) days from the date of receipt of the balance of the purchase price.

i. Upon confirmation of the sale, the Marshal or a PALS representative shall promptly execute and deliver a deed of judicial sale conveying the real property to the purchaser or purchasers.

j. Upon confirmation of the sale or sales, the interests of, liens against, or claims to the real property held or asserted by the United States in the Complaint and any other parties to this action or any successors in interest or transferees of those parties shall be discharged and extinguished. The sale is ordered pursuant to 28 U.S.C. § 2001. Redemptions rights under state or local law shall not apply to this sale under federal law.

k. Upon confirmation of the sale, the purchase or purchasers shall have the recorder of deeds for Pitkin County cause transfer of the real property to be reflected upon that office's register of title.

4. Until the real property is sold, Martin Draper shall take all reasonable steps necessary to preserve the value thereof (including all buildings, improvements, fixtures and appurtenances thereon) including, without limitation, maintaining fire and casualty insurance policies on the property. He shall not commit waste against the real property, nor cause or permit anyone else to do so. He shall not do anything that tends to reduce the value or marketability of the real property, nor cause anyone else to do so. He shall not record any instruments, publish any notice, or take any other action that may directly or indirectly tend to adversely affect the value of the real property or that may tend to deter or discourage potential bidders from participating in the public sale, nor shall he cause or permit anyone else to do so. Violation of this paragraph shall be deemed a contempt of court and treated as such.

5. Any persons occupying the real property shall vacate no later than 10 days after entry of this order, and take their personal property with them when leaving (but leaving all improvements, buildings, fixtures, and appurtenances). If any person fails or refuses to vacate the property by the time specified in this order, the United States Marshals Office is authorized to take whatever action it deems appropriate to remove such person or persons from the premises, whether or not the sale of such property or properties is being conducted by a PALS representative. If any other person fails or refuses to remove his or her personal property remaining at the real property by the time specified herein, the personal property remaining at the real property thereafter is deemed forfeited and abandoned, and the United States Marshals Office or the PALS representative is authorized and directed to remove and dispose of it in any manner they see fit, including sale, in which case the proceeds of such sale are to be applied first to the expenses of the sale, and then to the tax liabilities at issue herein.

6. Notwithstanding the terms of paragraph 5, if, after the sale or sales of the real property are confirmed by the Court, the real property remains occupied, a writ of assistance may, without further notice, be issued by the Clerk of the Court pursuant to Rule 70 of the Federal Rules of Civil Procedure to compel delivery of possession of the real property to the purchasers thereof.

7. If Martin Draper or any other person is occupying the real property and vacates the property prior to the deadline set forth in paragraph 5, such person shall notify counsel for the United States no later than two business days prior to vacating the property of the date on which he or she is vacating the property. Notification shall be

made by leaving a message for counsel for the United States, E. Carmen Ramirez, at (202) 616-2885.

8. The Marshal, his or her representative, or a PALS representative, shall deposit the amount paid by the purchaser into the Court Registry. Upon appropriate motion for disbursement or stipulation of the parties, the Court will disburse the funds in the following partial order of preference until these expenses and liens are satisfied: first, to the IRS, for allowed costs and expenses of sale, including any commissions due under 28 U.S.C. § 1921(c) and including an amount sufficient to cover the costs of any steps taken to secure or maintain the real property at issue pending sale and confirmation by the Court; second, to Pitkin County, to satisfy the tax liens described in Exhibit A hereto, and, third, to the United States of America to satisfy or partially the satisfy the federal tax liabilities of Martin Draper at issue in this action. Should there be any remaining unencumbered proceeds, those proceeds should be distributed to Martin Draper.

DATED December 9, 2016.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge